UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIANA PAICE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>ALDEYRA THERAPEUTICS, INC., TODD C. BRADY, JOSHUA REED, and BRUCE GREENBERG,<br><br>     Defendants. | Case No.: 1:23-cv-11737-DJC<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT H. CHAY'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

PROCEDURAL HISTORY................................................................................................. 2

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT....................................................................................................................... 4

    A.    Appointing Movant as Lead Plaintiff Is Appropriate...................................... 4

        1.    The Procedure Required By the PSLRA ................................................ 4

        2.    Movant Satisfies the Lead Plaintiff Requirements of the PSLRA .......... 5

            a.    Movant Has the Largest Financial Interest in the Relief Sought by the Class................................................................................................... 6

            b.    Movant Otherwise Satisfies Rule 23................................................ 7

                i.    Movant Satisfies the Typicality Requirement............................. 8

                ii.    Movant Fulfills the Adequacy Requirement.............................. 9

    B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate................... 10

CONCLUSION.................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*In re Bank of Boston Corp. Sec. Litig.*,
   762 F. Supp. 1525 (D. Mass. 1991) .................................................................................... 8

*City of Bristol Pension Fund v. Vertex Pharms.*,
   2012 U.S. Dist. LEXIS 180974 (D. Mass. Dec. 21, 2012) ..................................................... 7

*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 (2005) ............................................................................................................. 6

*Eiger Biopharmaceuticals, Inc.*,
   Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551 (N.D. Cal. Feb. 3, 2023) ............ 10

*Gen. Tel. Co. v. Falcon*,
   457 U.S. 147 (1982) ............................................................................................................. 8

*Gilbert v. Azure, et al.*,
   No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022) ............. 10

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) ..................................................................................... 4, 7

*In re Lernout & Hauspie Sec. Litig.*,
   138 F. Supp. 2d 39 (D. Mass. 2001) ............................................................................ 6, 7, 8

*Michalski v. Weber Inc., et al.*,
   Case No. 1:21-cv-03966-EEB (N.D. Ill. Nov. 29, 2022) ..................................................... 11

*In re Milestone Scientific Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) .............................................................................................. 9

*Patterson v. Cabaletta Bio, Inc., et al.*,
   Case 2:22-cv-00737-JMY (E.D. Pa. Aug. 10, 2022) ........................................................... 11

*Priest v. Zayre Corp.*,
   118 F.R.D. 552 (D. Mass. 1988) .......................................................................................... 8

*Ryan v. FIGS, Inc. et al.*,
   Case No. 2:22-cv-07939-ODW (KSx) (C.D. Cal. Feb. 14, 2023) ........................................ 10

*Tehrani v. Biogen, Inc.*,
   2015 U.S. Dist. LEXIS 156001 (D. Mass. Nov. 18, 2015) .................................................... 9

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .......................................................................................... 7

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 .................................................................................................... *passim*

Movant Robert H. Chay ("Movant") respectfully submits this Memorandum of Law in support of his motion for: (1) appointment as Lead Plaintiff in the above-captioned action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (2) approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

## INTRODUCTION

Presently pending before the Court is the above-captioned securities class action lawsuit[1] brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Aldeyra Therapeutics, Inc. ("Aldeyra" or the "Company") securities between March 17, 2022 and June 20, 2023, inclusive (the "Class Period"). Plaintiff alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC") (17 C.F.R. § 240.10b-5), against Defendants Aldeyra, Todd C. Brady ("Brady"), Joshua Reed ("Reed"), and Bruce Greenberg ("Greenberg"), (collectively, "Defendants").

The PSLRA directs the Court to appoint as Lead Plaintiff the movant or group of movants who have demonstrated the "largest financial interest in the litigation" and also meets the typicality and adequacy prongs of Fed. R. Civ. P. 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movant satisfies both requirements.

*First*, Movant has sustained losses totaling approximately $13,437.01. Accordingly, Movant has a substantial economic interest in directing the litigation and recovering the losses he and the Class have suffered. Movant's losses are, to the best of his knowledge, the largest among purported Class members seeking appointment as Lead Plaintiff. Movant is unaware of any other

---

[1] The Action is entitled *Paice v. Aldeyra Therapeutics, Inc., et al.,* Case No. 1:23-cv-11737-DJC (D. Mass) (the "*Paice* Action").

class members who have filed an application for appointment as Lead Plaintiff who have sustained greater losses.[2]

*Second*, Movant meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members and because Movant will fairly and adequately represent the interests of the Class. In addition to demonstrating the largest financial interest in the outcome of the litigation, Movant understands the commitments required of a lead plaintiff and has confirmed that he is ready, willing, and able to oversee the vigorous prosecution of these Action.

Pursuant to the PSLRA, the Lead Plaintiff selects his choice of counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Movant has selected the law firm of Levi & Korsinsky as Lead Counsel. Levi & Korsinsky has extensive experience successfully litigating securities class actions such as this and possess the resources necessary to vigorously pursue this litigation on behalf of the putative Class.

For the reasons summarized herein and discussed more fully below, Movant's motion should be granted in its entirety.

## PROCEDURAL HISTORY

The *Paice* Action was filed on July 31, 2023 in the United States District Court for the District of Massachusetts. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice that a class action had been initiated against Defendants was published by counsel in the *Paice* Action on that same day on *Newsfile Corp.*, a widely circulated national business-oriented wire service (the "Notice"). The Notice advised members of the proposed Class of their right to move the Court for appointment as Lead Plaintiff. *See* Hopkins Decl. Ex. C. Movant is a member of the proposed Class (*see* Hopkins

---

[2] The losses suffered by Movant is not the same as his legally compensable damages. Measuring the latter is often a complex exercise and is premature at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(B) and based upon reference to information concerning the current market for the Company's securities. Movant's transactions in Aldeyra securities are set forth in the Certifications attached as Exhibit A to the Declaration of Shannon L. Hopkins in Support of this Motion ("Hopkins Decl.").

Decl. Ex. A) and is filing his motion within the sixty-day period following publication of the notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[3]

Aldeyra, a biotechnology company, develops and commercializes medicines for immune-mediated diseases. ¶ 2. The Company is currently developing ADX-2191, a dihydrofolate reductase inhibitor for the treatment of primary vitreoretinal lymphoma cancer, proliferative vitreoretinopathy, and retinitis pigmentosa, as well as rare retinal diseases characterized by inflammation and vision loss. *Id*.

In December 2022, Aldeyra submitted a new drug application ("NDA") to the U.S. Food and Drug Administration ("FDA") for ADX-2191 for the Treatment of Primary Vitreoretinal Lymphoma (the "ADX-2191 NDA"). ¶ 3.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the ADX-2191 NDA did not include adequate and well-controlled investigations and thus failed to show substantial evidence of ADX-2191's effectiveness; (ii) as a result, the FDA was unlikely to approve the ADX-2191 NDA in its current form; (iii) accordingly, the Company had overstated ADX-2191's clinical and/or commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id*.

On June 21, 2023, Aldeyra issued a press release "announc[ing] receipt of a Complete Response Letter from the U.S. Food and Drug Administration (FDA) for the 505(b)(2) New Drug Application (NDA) of ADX-2191 (methotrexate for injection, USP), an investigational drug

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Paice* Complaint") filed in the *Paice* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Paice* Complaint. The facts set forth in the *Paice* Complaint are incorporated herein by reference.

3

candidate, for the treatment of primary vitreoretinal lymphoma (PVRL)." ¶ 5. The press release stated that "[a]lthough no safety or manufacturing issues with ADX-2191 were identified, the FDA stated that there was a 'lack of substantial evidence of effectiveness' due to 'a lack of adequate and well-controlled investigations' in the literature-based NDA submission." *Id*.

In response to this news, Aldeyra's stock price declined 27.44%, or $2.92 per share, to close on June 21, 2023 at $7.72 per share. ¶ 6.

## ARGUMENT

A.  **Appointing Movant as Lead Plaintiff Is Appropriate**

1. **The Procedure Required By the PSLRA**

The PSLRA has established a procedure governing the appointment of a lead plaintiff "in each private action arising under . . . [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1), (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within twenty days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4 (a)(3)(A)(i). Here, the Notice was published on *Newsfile Corp.* on July 31, 2023.[4] Hopkins Decl. at Ex. C. Within sixty days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a)(3)(A)-(B).

*Second*, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable

---

[4] The statute requires that notice be published "in a widely circulated business-oriented publication or wire service." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996).

4

of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As discussed below, Movant has complied with the procedural prerequisites of the PSLRA, and has what is, to the best of his knowledge, the largest financial interest in the litigation of any other class member(s) seeking appointment as Lead Plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### 2. **<u>Movant Satisfies the Lead Plaintiff Requirements of the PSLRA</u>**

Movant timely moved this Court to be appointed Lead Plaintiff on behalf of all members of the Class. Movant submitted a signed certification stating that he reviewed the Complaint and is willing to serve as a representative on behalf of the putative Class, pursuant to 15 U.S.C. § 78u-4(a)(2). *See* Hopkins Decl. at Ex. A. In addition, Movant has selected and retained experienced and

competent counsel to represent him and the putative Class. *See* Hopkins Decl. Ex. D (Firm Résumé of Levi & Korsinsky).

Accordingly, Movant satisfies the requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Counsel, as set forth herein, considered and approved by the Court.

### a. **Movant Has the Largest Financial Interest in the Relief Sought by the Class**

The Court is to presume that the most adequate plaintiff is the movant with "the largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See also In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 43 (D. Mass. 2001) (courts should presume that "the member of the purported class with the largest financial stake in the relief sought is the most adequate plaintiff") (quoting H.R. Conf. Rep. No. 104-369, at 33-34 (1995) (reprinted in 1995 U.S.C.C.A.N. 730, 731)).

Under the PSLRA, damages are calculated based on: (i) the difference between the purchase price paid for the units and the average trading price of the units during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the units and the average trading price of the units between the date when the misstatement was corrected and the date on which the plaintiff sold its units, if it sold its units before the end of the 90-day period. 15 U.S.C. § 78u-4(c).

As evidenced by the accompanying Loss Charts, (Hopkins Decl. at B), Movant suffered an approximate loss of $13,437.01 when excluding losses not incurred pursuant to the drops alleged in the Complaint. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005). Movant has a significant financial interest in this case and is unaware of any other applicant for lead plaintiff that has sustained greater financial losses in connection with transactions in Aldeyra securities during the Class Period. Therefore, Movant has the "largest financial interest in the relief sought by the class,"

satisfying the first PSLRA prerequisite for appointment as lead plaintiff and, as further demonstrated *infra*, should be appointed as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). *Lernout*, 138 F. Supp. 2d at 43; *Greebel*, 939 F. Supp. at 59 ("the statute erects a rebuttable presumption that the most capable plaintiff is the person with the largest financial interest in the relief sought by the class, [who] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure") (internal quotation omitted).

### b. Movant Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See City of Bristol Pension Fund v. Vertex Pharms.*, 2012 U.S. Dist. LEXIS 180974, at *10 (D. Mass. Dec. 21, 2012) ("In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. These findings need only be preliminary.") (citing *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009)).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### i. Movant Satisfies the Typicality Requirement

Typicality under Rule 23(a)(3) requires that the lead plaintiff's claim be aligned with the claims of absent class members and is demonstrated by a showing that the movant's claims are based on the same legal theories as the claims of the putative class. *Lernout*, 138 F. Supp. 2d at 46 ("The plaintiffs' burden in proving typicality requires that the named plaintiffs' claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class.") (citing *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991)). To meet this burden, Movants need not show that their claims are identical to absent class members' claims. *Id.* ("Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.") (citing *Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988)). It is enough if their situation shares common issues of law or fact. *See Lernout*, 138 F. Supp. 2d at 45.[5]

Movant satisfies the typicality requirement of Rule 23 because, just like all other class members, Movant: (1) transacted in Aldeyra securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Movant's claims are typical, if not identical, to those of other members of the proposed class since all the claims arise out of the same course of events and are based on the same legal and remedial theories. Additionally, Movant is not subject to any unique defenses, and there is no evidence of any conflicts between Movant and the other members of the Class.

Movant therefore satisfies the required *prima facie* showing of the typicality requirements of Rule 23 for purposes of this Motion.

---

[5] Although not relevant to the instant motion, a finding of typicality frequently supports a finding of commonality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158, n. 13 (1982) (noting that the typicality and commonality requirements tend to merge).

### ii. Movant Fulfills the Adequacy Requirement

Movant is also adequate representatives for the Class. A representative party is adequate under Rule 23(a)(4) if: (1) the party's counsel is qualified, experienced and generally able to conduct the proposed litigation and (2) the party does not have interests antagonistic to those of the class. *Tehrani v. Biogen, Inc.*, 2015 U.S. Dist. LEXIS 156001, at *9 (D. Mass. Nov. 18, 2015) ("Plaintiff also, as a preliminary matter, appears capable of adequately protecting the interests of the class, in that plaintiff possesses common interests and an absence of conflict with the class members and plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.") (internal quotations omitted).

Movant will more than adequately represent the interests of the putative Class. Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he suffered as a result of the wrongful conduct alleged in the Action. *See In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (Plaintiff's "financial stake in the litigation provides an adequate incentive for [Plaintiff] to vigorously prosecute the action."). Indeed, Movant has already taken significant steps demonstrating that he recognizes, and will protect, the interests of the Class including: (1) executing a certification detailing his Class Period transactions and expressing willingness to serve as Class representative; (2) moving this Court to be appointed Lead Plaintiff and (3) retaining competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest

amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

Moreover, Movant considers himself to be an experienced investor. He resides in La Palma, California, and is currently employed as the owner and manager of Realty One Services Group LLC., providing general real estate services. Before starting my own company, Movant worked as a real estate agent for six years. *See* Hopkins Decl., Ex. D, Movant's Declaration in support of his motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

### B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected Levi & Korsinsky as Lead Counsel.

As set forth in the accompanying firm résumé (Hopkins Decl. Ex. E), Levi & Korsinsky is a highly accomplished firm that is currently acting as lead counsel in a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. *See e.g., Ryan v. FIGS, Inc. et al.*, Case No. 2:22-cv-07939-ODW (KSx), ECF No. 64 (C.D. Cal. Feb. 14, 2023); *Schoen v. Eiger Biopharmaceuticals, Inc.*, Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551, at *6-7 (N.D. Cal. Feb. 3, 2023) (noting "the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel."); *Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, ECF No.

59 (N.D. Ill. Nov. 29, 2022); *Patterson v. Cabaletta Bio, Inc., et al.*, Case 2:22-cv-00737-JMY, ECF No. 10 (E.D. Pa. Aug. 10, 2022). Thus, this Court may be assured that in the event that Movant's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court (1) appoint Movant as Lead Plaintiff in the Action; (2) approve Movant's selection of Levi & Korsinsky as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: September 29, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Shannon L. Hopkins*
　　　　　　　　　　　　　　　　　　　　Shannon L. Hopkins (BBO# 657485)
　　　　　　　　　　　　　　　　　　　　**LEVI & KORSINSKY, LLP**
　　　　　　　　　　　　　　　　　　　　1111 Summer Street, Suite 403
　　　　　　　　　　　　　　　　　　　　Stamford, Connecticut 06905
　　　　　　　　　　　　　　　　　　　　Tel. (203) 992-4523
　　　　　　　　　　　　　　　　　　　　Fax: (212) 363-7500
　　　　　　　　　　　　　　　　　　　　E-mail: shopkins@zlk.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Robert H. Chay and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

      I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 29, 2023.

Dated: September 29, 2023                          */s/Shannon L. Hopkins*
                                                               Shannon L. Hopkins