UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIANA PAICE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALDEYRA THERAPEUTICS, INC., TODD C. BRADY, JOSHUA REED, and BRUCE GREENBERG,<br><br>Defendants. | Case No. 1:23-cv-11737-DJC |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JOSEPH LOMBARD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Joseph Lombard ("Lombard") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Lombard as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Lombard's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and O'Connor, Carnathan & Mack, LLC ("OCM") as Liaison Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Aldeyra Therapeutics, Inc. ("Aldeyra" or the "Company"), securities between March 17, 2022 and June 20, 2023, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff.

Lombard believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Lombard satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Lombard respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Lombard's selection of GPM as lead counsel and OCM as liaison counsel for the class should be approved because GPM has substantial expertise in federal securities litigation and the firms have the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

Aldeyra is a biotechnology company that develops and commercializes medicines for immune-mediated diseases. The Company is developing ADX-2191, a dihydrofolate reductase inhibitor for the treatment of primary vitreoretinal lymphoma cancer, proliferative vitreoretinopathy, and retinitis pigmentosa, as well as rare retinal diseases characterized by inflammation and vision loss. In December 2022, Aldeyra submitted a new drug application ("NDA") to the U.S. Food and Drug Administration ("FDA") for ADX-2191 for the Treatment of Primary Vitreoretinal Lymphoma (the "ADX-2191 NDA").

---

[1] This section is adapted from the allegations in the complaints filed in the above-captioned action.

However, as alleged in the complaint, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, Defendants failed to disclose to investors: (i) the ADX2191 NDA did not include adequate and well-controlled investigations and thus failed to show substantial evidence of ADX-2191's effectiveness; (ii) as a result, the FDA was unlikely to approve the ADX-2191 NDA in its current form; (iii) accordingly, the Company had overstated ADX-2191's clinical and/or commercial prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On June 21, 2023, Aldeyra issued a press release announcing that it received a Complete Response Letter from the FDA for the ADX-2191 NDA. Therein, the Company disclosed that "the FDA stated that there was a 'lack of substantial evidence of effectiveness' due to 'a lack of adequate and well-controlled investigations' in the literature-based NDA submission."

On this news, Aldeyra's stock price fell $2.92 per share, or 27.44%, to close at $7.72 per share on June 21, 2023.

As a result of the Defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, Lombard and other members of the class have suffered significant losses and damages.

### III. ARGUMENT

#### A. Lombard Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Lombard satisfies all the PSLRA criteria and has complied with all the PSLRA's requirements to be appointed lead plaintiff. Lombard has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. In addition, Lombard is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Lombard submits that he should be appointed lead plaintiff. *See Leech v. Brooks Automation, Inc.*, 06-11068-RWZ, 2006 WL 3690736, at *1 (D. Mass. Dec. 13, 2006); *Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 789 (D. Mass. 2004).

### 1.  Lombard Filed a Timely Motion

On July 31, 2023, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), a notice was published announcing that this securities class action had been filed against Defendants herein. *See* Declaration of Joseph P. Calandrelli in Support of the Motion of Joseph Lombard for Appointment as Lead Plaintiff and Approval of Counsel ("Calandrelli Decl."), Ex. A; *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62, 63 (D. Mass. 1996) (concluding publication on a national wire service satisfies the PSLRA notice requirement). Therefore, Lombard had sixty days, or until September 29, 2023, to file a motion to be appointed as lead plaintiff. Accordingly, his Motion is timely.

Additionally, as set forth in his PSLRA certification, Lombard attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Calandrelli Decl., Ex. B. Accordingly, Lombard satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.  Lombard Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Lombard believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Lombard purchased Aldeyra securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered substantial financial losses of approximately $ 303,447.44. *See* Calandrelli Decl., Ex. C. To the best of his knowledge, Lombard is not aware of any other class member that has filed a motion

for appointment as lead plaintiff who is claiming a larger financial loss. Lombard believes he has the "largest financial interest in the relief sought by the class." Thus, Lombard satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the class. *See Greebel*, 939 F. Supp. at 64.

### 3. Lombard Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also In re Lernout & Hauspie*, 138 F. Supp. 2d 39, 46 n.4 (D. Mass. 2001) (noting that only a preliminary showing of typicality is required at this stage).

#### a) Lombard's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and

plaintiff's claims are based on the same legal theory. *See Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 260 (D. Mass. 2005). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Lombard's claims are typical of the claims asserted by the proposed class. Like all members of the class, Lombard alleges that Defendants' material misstatements and omissions concerning Aldeyra's business, operations, and financial prospects violated the federal securities laws. Lombard, like all of the members of the class, purchased Aldeyra securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Lombard's interests and claims are "typical" of the interests and claims of the class.

### b) Lombard Is an Adequate Representative

The adequacy requirement is satisfied where the moving party shows "that the interests of the representative party will not conflict with the interests of the class members, and . . . that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Swack*, 230 F.R.D. at 265 (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Lombard has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Calandrelli Decl., Ex. C. Lombard resides in Frankfort, Illinois, and has been managing his own investments for approximately 11 years. Lombard is the Executive Director of the Precast Concrete Institute of Illinois and Wisconsin and has a Bachelor of Science degree from Purdue University. Lombard is also not aware of any conflict between his claims and those asserted on behalf of the class. As such, Lombard is adequate to represent the class, and should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, Lombard has retained GPM as lead counsel and OCM as liaison counsel. GPM possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Calandrelli Decl., Ex. D. Thus, the Court may be assured that, by granting Lombard's Motion, the class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Lombard requests that the Court grant his Motion and enter an Order: (1) appointing Lombard as Lead Plaintiff; (2) approving Lombard's selection of GPM as Lead Counsel and OCM as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: September 29, 2023

**O'CONNOR, CARNATHAN & MACK, LLC**

By: *s/ Joseph P. Calandrelli*
Joseph P. Calandrelli, BBO No. 666128
10 Mall Road, Suite 301
Burlington, MA 01803
Telephone: (781) 359-9034
Facsimile: (781) 359-9001
Email: jcalandrelli@ocmlaw.net

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

        Facsimile: (310) 201-9160

        *Counsel for Joseph Lombard and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

        *s/ Joseph P. Calandrelli*
        Joseph P. Calandrelli